JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TAYLOR BRIEST,<br>     Plaintiff,<br><br>          v.<br><br>NISSAN NORTH AMERICA,<br>INC.,<br>      Defendant. | 2:23-cv-7688-DSF-SSCx<br><br>Order GRANTING Motion to<br>Remand (Dkt. 19) |

     This case was removed from state court on September 14, 2023, on the basis of diversity.  On September 30, 2023, Plaintiff filed a First Amended Complaint that added a non-diverse defendant to the case. Defendant Nissan North America, Inc. now moves to strike the FAC and Plaintiff moves to remand the case.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for November 13, 2023, is removed from the Court's calendar.

     Even assuming that the motion to strike the FAC naming the non-diverse defendant should be granted, Nissan has failed to establish diversity jurisdiction based on the complaint at the time of removal.

     "The removal statute is strictly construed against removal jurisdiction" and, when challenged, "[t]he defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded.  28 U.S.C. § 1447(c).

Nissan's evidence regarding Plaintiff's citizenship is stale.  This case was filed on August 11, 2023 and removed on September 14, 2023.  The sales contract for the vehicle at issue was entered in California in 2018.  The invoices provided for work on the vehicle in California are from March 2021 and September 2022.  <u>See</u> Notice of Removal, Ex. C, D.  No other evidence relating to Plaintiff's citizenship is provided.

Nissan also fails to establish even its own citizenship.  The Court is satisfied that Nissan is incorporated in Delaware, but Nissan provides virtually no evidence regarding its principal place of business.

A corporation is the citizen of the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business of a corporation is where the "nerve center" of the business is – where the corporation's high-level officers direct and control its activities.  <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80-81 (2010).

The allegations in the Notice of Removal recite the correct standard, <u>see</u> Notice of Removal ¶¶ 18-19, but the cited evidence does not establish anything relevant about Nissan's principal place of business.  Instead, the only evidence provided is a declaration of outside counsel who, in conclusory fashion, states:

> Nissan is organized under the laws of the State of Delaware, with its principal place of business in the State of Tennessee and was not and is not organized under the laws of the State of California, wherein this action was brought. Thus, Nissan is a citizen of Delaware and Tennessee for jurisdictional purposes.

Doudar Decl. ¶ 3.

In the opposition to the motion to remand, the only additional evidence provided for principal place of business is a statement filed by Nissan with the California Secretary of State designating a "business address" in Tennessee.  <u>See</u> Remand Opp'n, Ex. A.  None of this comes

close to establishing that Nissan's high-level officers direct the corporation's activities from Tennessee.

The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: November 6, 2023

Dale S. Fischer
United States District Judge